UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MICHAEL SCHNEIDER,

                          Plaintiff,

          -against-

LONG ISLAND RAIL ROAD COMPANY,

                         Defendant.
--------------------------------------------------------------------X
LONG ISLAND RAIL ROAD COMPANY,

           Third-Party Plaintiff,

          -against-

TOWN OF OYSTER BAY,

           Third-Party Defendant.
--------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-3707 (ARL)

**LINDSAY, Magistrate Judge:**

Plaintiff Michael Schneider ("Plaintiff") commenced this personal injury action on September 1, 2022 against the Long Island Rail Road Company (the "LIRR"). ECF No. 1. On August 8, 2023, the LIRR filed a Third-Party Complaint against the Town of Oyster Bay (the "TOOB") seeking indemnification for any judgment of Plaintiff against the LIRR. ECF No. 12. Before the Court is the motion of the TOOB for summary judgment pursuant to Federal Rule of Civil Procedure 56.  ECF No. 30. For the reasons set forth below, the TOOB's motion for summary judgment is granted.

## BACKGROUND

### A.     Factual Background

The following facts are drawn from the TOOB's Local Rule 56.1 Statement and are uncontested unless otherwise noted.

Plaintiff was employed by the LIRR as a LIRR carpenter in the LIRR Structures Department on August 24, 2020, the alleged date of accident. TOOB Rule 56.1 Stmt. ¶ 1. On or about August 24, 2020, Plaintiff was exiting the crew cab of LIRR Gang Truck 167B when he claims to have injured his right ankle when he stepped onto what he described as an unlevel area of asphalt parking surface and felt his ankle buckle. *Id.* at ¶ 2. Plaintiff suffered injuries to the right foot, ankle and leg and had surgery on April 4, 2023. *Id*. at ¶ 3. Plaintiff brought an action against LIRR, alleging LIRR was negligent in failing to provide a safe workplace in violation of Federal Employers' Liability Act, USCA. *Id*. at ¶ 4.  In their answer, the LIRR denied ownership, maintenance or control of the loss location. *Id*. at ¶ 5. The LIRR contends that the TOOB owned, operated, managed and controlled the area of the parking lot at Syosset and that this occurrence was due to the carelessness and negligence of TOOB. *Id*. at ¶ 7. In its Third-Party Complaint, the LIRR asserts the TOOB owns the railroad station including the area where Plaintiff was injured. *Id*. at ¶ 8.

### B.    Procedural History

Plaintiff filed his complaint on May 18, 2023, asserting a claim for injuries he sustained while at work against the LIRR for violation of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder. ECF No. 1. The LIRR answered the Complaint on June 21, 2023 and filed a motion for leave to file a third-party complaint on July 28, 2023. ECF Nos. 7, 10. The motion for leave to file a third-party complaint was granted and on August 8, 2023 the LIRR filed a third-party complaint against the TOOB asserting a claim for indemnification. ECF No. 12. An Amended Third-Party Complaint was filed on August 9, 2023. ECF No. 14. On October 18, 2023, the TOOB answered the third-party complaint. ECF No. 19. On November 14, 2023, the TOOB filed an amended answer and

2

counterclaim, asserting claims against the LIRR for indemnification. ECF No. 20. The parties consented to this Court's jurisdiction for all purposes on May 15, 2024.  ECF No. 22. On May 2, 2025, the TOOB moved for summary judgment with respect to the LIRR's claims against it. ECF No. 30.

## DISCUSSION

### A.    Summary Judgment Standards

"'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Puglisi v. Town of Hempstead*, No. 10 CV 1928, 2012 WL 4172010, *6 (E.D.N.Y. Sept. 17, 2012) (quoting *In re Blackwood Assocs., L.L.P.,* 153 F.3d 61, 67 (2d Cir. 1998) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)).  In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc*., 150 F.3d 132, 137 (2d Cir. 1998).  If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI-Continental, Inc*., 95 F.3d 123, 129 (2d Cir. 1996), *cert denied*, 520 U.S. 1228 (1997).

The trial court's responsibility is "limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1224 (2d Cir. 1994).  When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "[T]here must exist 'specific facts

3

showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish v. Ferguson*, 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *Celotex,* 477 U.S. at 322).  As such, a moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case.  In other words, "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

**B.      Lack of Prior Written Notice of the Alleged Defect**

The TOOB argues that it is entitled to summary judgment because it did not receive prior written notice of the defect alleged to have caused Plaintiff's injury as required by State and local law.  TOOB Mem. at 4. According to the TOOB, Town of Oyster Bay Code § 160-1 requires written notice of a defect as a condition precedent to liability. *Id*. at 5. Indeed, it is well settled under New York law that "[a] municipality that has enacted a prior written notice statute may not be subjected to liability for personal injuries resulting from a defect absent the required written notice, unless an exception to that requirement applies." *Griffith v. Long Island R.R.*, No. 623826/2019, 2023 N.Y. Misc. LEXIS 68476 (Sup. Ct. Jan. 27, 2023) (citing *Forbes v. City of New York*, 85 N.Y. App. Div. 3d 1106 (2d Dept 2011)); *see also Amabile v. City of Buffalo*, 93 N.Y.2d 471, 473, 715 N.E.2d 104, 693 N.Y.S.2d 77 (1999) ("Prior notification laws are a valid exercise of legislative authority."). Actual or constructive notice of an allegedly defective condition does not satisfy the prior written notice requirement. *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 388 (W.D.N.Y. 2012) (citing *Amabile*, 93 N.Y.2d at 475-76). The only two recognized exceptions to the prior written notice requirement are where the

municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it. *Am. Ins. Co.*, 914 F. Supp. 2d at 388. "A municipality's passive negligence is insufficient to satisfy this exception to a prior notification requirement." *Id.* Here, the TOOB has submitted unrefuted proof that it did not receive prior written notice of the defect alleged to have caused Plaintiff's injury. *See* Affidavit of Cindy Maloney, ¶¶4, 5, ECF No. 33-1 ("A search of the Town Clerk records as of seven (7) years before the date of the incident reveals that we do not have any records for a similar incident and condition at the subject location").[1]

"Where a municipality establishes that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of one of the two recognized exceptions to the rule, i.e., creation by an affirmative act of negligence or special use resulting in a special benefit to the municipality, and this burden-shifting standard is applicable, even where the complaint alleges that the defendants created the allegedly dangerous condition." *Griffith,* 2023 N.Y. Misc. LEXIS 68476 at *4. According to the TOOB, no proof has been offered supporting either of these exceptions. TOOB Mem. at 5.

The LIRR does not argue prior written notice was provided to the TOOB or that either exception is present. Rather, the LIRR takes the position that it is not subject to the TOOB's prior written notice statute by virtue of Public Authorities Law ("PAL") § 1266(8), which exempts the LIRR from local laws and ordinances that interfere with its function and purpose. According to the LIRR, the prior written notice local law interferes with the LIRR's "ability to provide its employees with a reasonably safe place to work." LIRR Mem. at ECF No. 30-14, at ¶

---

[1] An affidavit of the clerk representing that a search has been conducted and not notice has been received is sufficient to support a motion for summary judgment. *See, e.g., Griffith,* 2023 N.Y. Misc. LEXIS 68476 at *4.

5

5.[2]   The LIRR argues that it "must provide its employees with a reasonably safe place to work because of the Federal Employers' Liability Act ("FELA"), which makes a cause of action for any person injured while employed by a 'common carrier by railroad' such as the LIRR. 45 U.S.C. § 51. Specifically, FELA has been interpreted to place a duty on the railroad to provide employees with a reasonably safe workplace, reasonably safe equipment, proper training, and suitable methods to perform assigned work." *Id*. According to the LIRR, it "can only provide that reasonably safe place to work if it owns or maintains the area that caused plaintiff's injuries [and] the LIRR's ability to maintain and operate transportation facilities is significantly thwarted if a township such as the TOOB can hide behind a 'prior written' notice law and not be held liable for maintaining its property." *Id*.

The Public Authorities Law defines the scope of the LIRR's authority to act. *Center for Independence of the Disabled v Metropolitan Transp. Auth*., 184 A.D.3d 197, 209, 125 N.Y.S.3d 697 (1st Dep't 2020). Public Authorities Law § 1266 (8) provides that "local laws, resolutions, ordinances, rules and regulations of a municipality . . . conflicting with this title or any rule or regulation of the authority or its subsidiaries, . . . shall not be applicable to the activities or operations of the authority." Thus, while PAL § 1266(8) contains an express preemption provision, the exemption is limited to local laws "conflicting with this title or any rule or regulation of the" of the MTA. *See CBS Outdoor, Inc. v City of New York*, 50 Misc 3d 283, 295-297, 16 N.Y.S.3d 411 (Sup Ct, NY County 2015) ("[t]he appellate cases from the Second Department appear to suggest that if the local law does not 'interfere with the function and purpose' of the MTA, the NYCTA and their subsidiaries, then the local law would apply to them"); *Parker v. Metro. Transp. Auth*., 851 N.Y.S.2d 65 (Sup. Ct. Kings County 2007) ("the

---

[2] The LIRR has failed to number the pages of its memorandum and therefore the court cites to the ECF page number.

6

provisions of the New York City Human Rights Law do not conflict with the Public Authorities Law, nor does this action relate to transit services. Accordingly, the MTA is subject to Administrative Code"). Courts have found that local laws requiring the proper maintenance of sidewalks and parking lots do not interfere with the LIRR or MTA's governmental function or purpose and therefore PAL § 1266(8) does not prevent enforcement of the local rule. *See, e.g., Echevarria v New York City Tr. Auth.*, 45 AD3d 492, 493, 847 NYS2d 38 (1st Dept 2007). Similarly, courts have found that the NYCHRL does not conflict with any rule or regulation of the Public Authorities Law and therefore PAL § 1266(8) does not prevent its enforcement. *See, e.g., Center for Independence of the Disabled v Metropolitan Transp. Auth.*, 184 AD3d 197, 207, 125 NYS3d 697 [1st Dept 2020] ("Compliance with the NYCHRL anti-discrimination provisions will not interfere with the transit defendants' mandate to maintain and operate the transit system"). The written notice requirement is no different.

The LIRR's argument that the written notice requirement interferes with the obligation imposed upon it by FELA misses the mark. By its terms PAL § 1266(8) provides that "local laws, resolutions, ordinances, rules and regulations of a municipality . . . conflicting with this title or any rule or regulation of the authority or its subsidiaries, . . . shall not be applicable to the activities or operations of the authority." While the LIRR argues that the written notice requirement "is in conflict with PAL 1266(8), as it runs afoul of FELA's requirement to provide a reasonably safe workplace," the requirements of FELA are not "any rule or regulation of the authority or its subsidiaries." The LIRR fails to identify any rule or regulation of the LIRR that is in conflict with the written notice requirement of the TOOB and therefore PAL § 1266(8) does not apply. *See, e.g., Terranova v. N.Y. City Transit Auth.*, 49 A.D.3d 10, 850 N.Y.S.2d 123, 125-27 (2d Dep't 2007) ("The Transit Authority has not pointed to any provision of the MTA title of

7

the Public Authorities Law or to any rule or regulation that it has adopted requiring that its premises be maintained in a manner other than that required by the Administrative Code. Since the second prong of the exemption merely defines the victor in a conflict between the Transit Authority's regulations and those of local government, and there does not appear to be any such conflict here, the Transit Authority's argument on the basis of that prong is also without merit).

As noted by the TOOB, in *Stallone v Long Is. R.R.*, 894 N.Y.S.2d 65, 65 (2d Dep't 2010) the court granted the Village of Lindenhurst's motion for summary judgment dismissing the complaint and all cross claims asserted by the LIRR because the Village was able to establish that it had not received prior notice of the alleged defect. *Id*. The court did not discuss the applicability of PAL § 1266(8) to the claims asserted by the LIRR against the Village. Similarly, in *Palermo v. Metro. Transit Auth*., 2026 NY Slip Op 00140, 2026 N.Y. App. Div. LEXIS 164 (2d Dept. Jan. 14, 2026), the court granted the motion for summary judgment of Suffolk County and the Town of Islip because the County and the Town established that they did not receive prior written notice of the alleged defect in the sidewalk as required. Once again, the court did not discuss the applicability of PAL § 1266(8).

Because there is no dispute that written notice of the defect allegedly responsible for Plaintiff's injury was not provided to the TOOB, and there is no proof offered that the TOOB created the defect through an affirmative act of negligence, or the defect resulted from a special use of the property by the TOOB, the TOOB's motion for summary judgment is granted.

Dated: Central Islip, New York     **SO ORDERED:**
    February 25, 2026

                 /s/
             _____
             ARLENE R. LINDSAY

United States Magistrate Judge